UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HIX,<br><br>            Plaintiff,<br><br>     v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>            Defendants. | Case No. 16-cv-01747-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re:  Docket No. 10)** |

Now before the court in this foreclosure case is a motion to dismiss by Defendants JPMorgan Chase Bank, N.A. and U.S. Bank, N.A.[1]  At the hearing on the motion, Plaintiff Thomas Hix conceded that his initial complaint does not allege that his application for a loan modification was complete, as his cause of action under Cal. Civ. Code § 2923.6 requires.[2]  Meanwhile, Hix's claim of fraudulent business practices in violation of California's unfair competition law does not "state with particularity the circumstances constituting fraud";[3] his complaint alleges "false and misleading representations" in conclusory terms, and it claims that

---

[1] *See* Docket No. 10.  The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).  *See* Docket Nos. 7, 13.

[2] *See* Docket No. 1-1 at ¶¶ 10-23; *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 999 (N.D. Cal. 2014) (requiring a Section 2923.6 plaintiff to "clearly plead that the application as submitted was complete").

[3] Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-05 (9th Cir. 2003)) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL.").

1
Case No. 16-cv-01747-PSG
ORDER GRANTING MOTION TO DISMISS

certain business practices were "deceptive" without explaining how or why.[4] And furthermore, Hix's operative complaint includes no allegations at all related to U.S. Bank.

Defendants' motion to dismiss is GRANTED. Because it is not yet clear that further amendment would be futile, leave to amend also is GRANTED.[5] Any amended complaint shall be filed within 14 days.

**SO ORDERED.**

Dated: May 31, 2016

                                              PAUL S. GREWAL
                                              United States Magistrate Judge

---

[4] Docket No. 1-1 at ¶¶ 26-27.

[5] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).